IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

    Plaintiff,

  v.

HELOISA CASTRO and CLAUDIO ALMEIDA WAQUED, individually and d/b/a MARCELLO'S PIZZA,

    Defendants.

No. C 12-04649 WHA

**ORDER GRANTING IN PART PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT AND STATUTORY DAMAGES**

## INTRODUCTION

In this action for damages resulting from the unlawful interception and intentional exhibition of a sporting program broadcast, plaintiff moves for default judgment. For the following reasons, the motions are **GRANTED IN PART**.

## STATEMENT

Plaintiff G & G Closed Circuit Events, LLC, is a California corporation that owned the exclusive nationwide commercial distribution rights to *Strikeforce: Barnett v. Kharitonov*, telecast nationwide on September 10, 2011 (Compl. ¶ 18). The program included the main fight between Josh Barnett and Sergei Kharitonov as well as preliminary "undercard" bouts (*ibid.*).

On September 10, 2011, Investigator David Sims went to Marcello's Pizza, which is owned and managed by defendants. In his declaration, Investigator Sims "observed the Strikeforce tournament, round 1 of 3 of the undercard match between [Maximo] Blanco,

blue trunks/gloves and [Pat] Healy, red trunks/gloves. The fight was stopped while a Dr [sic] looked at a cut on the eye of Healy."[*] Investigator Sims reported seeing one television set and described its size and location. He did not note whether there was a cable box or satellite dish or whether prices were higher for the night. He described Marcello's Pizza as having a capacity between 40 and 50 people. No cover charge was required to enter. During the eighteen minutes he was there, Sims conducted three headcounts of four, six, and ten people (Sims Decl. 1–2).

Plaintiff commenced this action in September 2012. In December, plaintiff filed a request for entry of default against defendant Heloisa Castro, individually and d/b/a/ Marcello's Pizza, with the Clerk, and the Clerk entered default (Dkt. Nos. 13–14). In January 2013, plaintiff filed a request for entry of default against defendant Claudio Almeida Waqued, individually and d/b/a Marcello's Pizza, and the Clerk entered default (Dkt. Nos. 25–26).

Plaintiff now seeks entry of default judgment against defendants granting the following relief: (1) $10,000 in statutory damages for violation of 47 U.S.C. 605; (2) $100,000 in enhanced statutory damages for violation of 47 U.S.C. 605; and (3) $1200 in damages for conversion under Section 3336 of the California Civil Code. Defendants did not appear at the hearing held on March 7, 2013.

## ANALYSIS

Following an entry of default, Rule 55 permits default judgment against a properly-served but non-appearing defendant. "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In considering whether default judgment is appropriate, the following factors are considered:

> (1) [T]he possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

---

[*] Plaintiff did not include first names in either its complaint or the instant motions. These first names are considered accurate for the purposes of this order.

2

### 1. MERITS OF SUBSTANTIVE CLAIMS AND SUFFICIENCY OF THE COMPLAINT.

After entry of default, all well-pleaded factual allegations in the complaint are taken as true, except as to the amount of damages. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The merits of plaintiff's substantive claims and the sufficiency of the complaint are thus considered together.

The complaint states that defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Concord, California" (Compl. ¶ 21). Although Investigator Sims saw a bout not mentioned in the complaint, taking the facts in the complaint as true, plaintiff has adequately pleaded the complaint to support an entry of default judgment. The complaint is not sufficient to support the full amount of damages plaintiff requests.

#### A. Statutory Damages

The Federal Communications Act, 47 U.S.C. 605(a), prohibits "receiving . . . any interstate or foreign communication by wire or radio . . . except through authorized channels of transmission or reception." Under Section 605(e)(3)(C)(i)(II), damages for each violation are set at a minimum of $1,000 and a maximum of $10,000.

The Cable Television Consumer Protection and Competition Act, 47 U.S.C. 553(a), prohibits "intercept[ing] or receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator." Under Section 553(c)(3)(A)(ii), damages for each violation are awarded a minimum of $250 and a maximum of $10,000.

Section 605 applies to satellite television, while Section 553 applies to cable television. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 n.1 (9th Cir. 1999). While plaintiff's complaint alleges a violation of Section 553 and Section 605 (Compl. ¶¶ 17–31), its applications for default judgment only allege a violation of Section 605 and calculates damages based on Section 605 (Dkt. Nos. 17, 31).

In each of its motions against defendants, plaintiff alleges that it "cannot determine the precise means that the Defendant used to receive the *Program* unlawfully" but that it "should not

1   be prejudiced because it cannot isolate the precise means of signal transmission." (Dkt.
2   Nos. 17-8, 31-8).  The only reason plaintiff gives for why damages should be calculated under
3   Section 605 is that "it is inherently reasonable in this instance where the Defendant has placed
4   himself in default for failing to answer or otherwise respond" (*ibid.*).  This boilerplate language
5   is identical to reasoning given by plaintiff in a previous default judgment action before the
6   undersigned judge.  *See, e.g.*, *J & J Sports Prods., Inc. v. Ro*, No. C 09-02860, 2010 WL 668065,
7   at *3 (N.D. Cal. Feb. 19, 2010).

8         Plaintiff is arguing — again — that it is excused by defendants' default from alleging
9   facts that determine the applicable statute.  This contention lacks merit.  Plaintiff should bear
10  the burden of conducting a reasonable preliminary investigation and pleading facts to support
11  the tougher penalty.  Investigator Sims, as shown by his affidavit, failed to even check whether
12  a cable box or satellite dish was visible.  Plaintiff fails to offer any other reason why statutory
13  damages should be calculated under Section 605 — the statute with the higher minimum
14  award — instead of Section 553.  Defendants' alleged violation therefore will be analyzed
15  under Section 553.

16        In support of its request for $10,000 in statutory damages, plaintiff's memorandum
17  refers to several decisions in other districts that granted larger awards, arguing that "even
18  where the violations do not appear particularly egregious, maximum statutory damages may be
19  awarded" (Dkt. Nos. 17-14, 31-14).  In most of the decisions plaintiff cites, however, the
20  damages awarded were substantially reduced from the amount requested due to the "small
21  impact" of the defendants' actions.  Plaintiff offers no other reason why it should be granted
22  maximum statutory damages.  In another order by the undersigned judge, $250 in statutory
23  damages were awarded with similar basic facts but higher headcounts.  *J & J Sports Prods.,*
24  *Inc. v. Magat, et al.*, No. C 11-1149, 2011 WL 4831206, at *1, *4 (N.D. Cal. Oct. 12, 2011).
25  Accordingly, this order awards $250 in statutory damages under Section 553.

26        **B.**    **Enhanced Damages**

27        Plaintiff also requests enhanced damages of up to $100,000 pursuant to
28  Section 605(e)(3)(C)(ii).  The relevant provision of Section 553 allows for a maximum

4

enhanced damage award of $50,000. Our court of appeals has not set forth a specific set of factors to determine the appropriate amounts of such enhancements. As a result, district courts consider different factors to determine culpability and achieve proper compensation and deterrence. These factors include "use of cover charge, increase in food price during programming, presence of advertisement, number of patrons, number of televisions used, and impact of the offender's conduct on the claimant. Repeated violations may also justify enhanced damages." *J & J Sports Prods., Inc. v. Concepcion*, No. C 10-05092, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011).

There was no cover charge to enter Marcello's Pizza, and approximately four to ten people were present when the program aired on a single screen. Plaintiff does not allege that defendants increased the price of food during the programming or that they used any advertisement. Plaintiff does allege in a supplemental declaration attached to the instant motion that defendants are repeat offenders, but our court of appeals consistently states that only well-pleaded allegations from the complaint are deemed true. *Fair Hous. of Marin*, 285 F.3d at 906. Because plaintiff did not plead defendants were repeat offenders in the complaint, this order cannot deem it true for default judgment. Accordingly, this order does not consider whether defendants were repeat offenders.

Plaintiff offers examples from other districts of how large awards of enhanced damages have been calculated. Plaintiff has failed, however, to allege facts that would inform a balancing of the factors that are frequently considered within this district. Accordingly, plaintiff's request for enhanced statutory damages is **DENIED**. *See Magat*, 2011 WL 4831206, at *3 (denying enhanced damages on similar facts).

### C. Conversion

A claim for conversion in California has three elements: "ownership or right to possession of property, wrongful disposition of the property right and damages." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). Plaintiff purchased the licensing rights to the program at issue. Defendants broadcasted the program without paying the required licensing fee, and plaintiff suffered damages by being

1  denied this fee.  Plaintiff argues that this commercial establishment would have been required
2  to pay $1200 for a proper sublicensing agreement (Br. 20).  There is, however, no affidavit in
3  the record to support that amount.  *See Magat*, 2011 WL 4831206, at *3 (requiring such an
4  affidavit).  Therefore, because proof is lacking the request for conversion damages is **DENIED**.

### 2.  REMAINDER OF THE *EITEL* FACTORS.

The remainder of the *Eitel* factors favor entering a default judgment in favor of plaintiff. If this motion is not granted, plaintiff will be left without a remedy or means to prevent defendants' continued delinquency.  Defendants made no answer to the complaint, and accordingly, there is no dispute over material facts.  There is no evidence that defendants' failure to respond was the result of excusable neglect.

A large sum of money at stake would disfavor default judgment.  *See Eitel*, 782 F.2d at 1472 (stating that a three million dollar judgment at stake, considered in the light of the parties' dispute as to material facts, supported the court's decision not to enter default judgment). The declaration of Attorney Thomas Riley requests damages totaling $111,200.  As discussed above, this order declines to award the requested amount.  The total award for damages will be $250.  This amount does not disfavor granting default judgment.

Finally, although federal policy does favor a decision on the merits, Rule 55(b) allows entry of default judgment in situations such as this where defendants have refused to litigate. On balance, the *Eitel* factors weigh in favor of granting default judgment.

### CONCLUSION

For the reasons stated above, plaintiff's motions for default judgment and for statutory damages are **GRANTED IN PART**.  Plaintiff's request for enhanced statutory damages is **DENIED**. Plaintiff may recover $250 in statutory damages against defendants on a joint and several basis. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Dated: March 7, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE